IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOHN EDWARD SPAULDING,<br><br>Plaintiff,<br><br>vs.<br><br>THE STATE OF MONTANA VOCATIONAL REHABILITATION COUNSELOR PEGGY SHONE KELLY and PAROLE & PROBATION OFFICER JASON BAXTER,<br><br>Defendants. | CV 18-00053-H-BMM-JTJ<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff John Spaulding has filed a Complaint alleging Defendants violated his right to privacy and his due process rights (Doc. 2) and a Motion for Appointment of Counsel (Doc. 6).  Mr. Spaulding's allegations are barred by the applicable statute of limitations therefore the motion for appointment of counsel will be denied and this matter should be dismissed.

## I.  STATEMENT OF THE CASE

### A.     Parties

Plaintiff John Spaulding is proceeding in forma pauperis and without counsel.  He is currently incarcerated at Crossroads Correctional Center in Shelby, Montana.  The named Defendants are State of Montana Vocational Rehabilitation

Counselor Peggy Shone Kelly and Parole & Probation Officer Jason Baxter.

(Complaint, Doc. 2 at 3.)

### B.  Allegations

Mr. Spaulding alleges that on September 5, 2012, Vocational Rehabilitation Counselor Peggy Shone Kelly violated his First Amendment right to privacy when she provided Probation and Parole Officer Jason Baxter information regarding Mr. Spaulding's vocational rehabilitation without his consent or written authorization. He alleges that on September 6, 2012, Ms. Kelly sent a fax to Jason Baxter and asked him to have Mr. Spaulding sign a release of information form in an effort to cover her trail.

Mr. Spaulding contends that Probation and Parole Officer Jason Baxter violated his Fourteenth Amendment due process rights when he used this information illegally and revoked Mr. Spaulding's conditional release which caused him to lose his job, loss of personal property, and emotional distress.

## II.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

### A.  Standard

Because Mr. Spaulding is a prisoner proceeding in forma pauperis, the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A.  Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in

2

forma pauperis and/or by a prisoner against a governmental defendant before it is

served if it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such

relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "A case is malicious if it

was filed with the intention or desire to harm another."  *Andrews v. King*, 398 F.3d

1113, 1121 (9th Cir. 2005).  A complaint fails to state a claim upon which relief

may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to

relief."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation

omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint

"that states a claim for relief must contain . . . a short and plain statement of the

claim showing that the [plaintiff] is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  This

rule requires a complaint to "contain sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (quotations omitted).

A complaint's allegations must cross "the line from conceivable to

plausible."  *Iqbal*, 556 U.S. at 680.  There is a two-step procedure to determine

whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se*

complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### B.  Analysis

The United States Supreme Court in *Wilson v. Garcia*, 471 U.S. 261 (1985), determined the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions. In Montana, that period is three years after the action accrues.  Mont. Code. Ann. § 27-2-204(1).

Mr. Spaulding's Complaint is dated April 2, 2018.  (Complaint, Doc. 2 at 5.) Therefore, all claims accruing prior to April 2, 2015 are barred by the applicable statute of limitations.  Mr. Spaulding is complaining of events which occurred in September 2012.

In addition, Mr. Spaulding indicates the result of the alleged constitutional violations was the revocation of his conditional release.  (Complaint, Doc. 2 at 4.) In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would

render a conviction or sentence invalid, a § 1983 plaintiff must prove that the

conviction or sentence has been reversed on direct appeal," or otherwise declared

invalid, called into question by the issuance of a habeas writ, or expunged.  *Id.* at

486-487.

> [W]hen a state prisoner seeks damages in a section 1983 suit, the
> district court must consider whether a judgment in favor of the
> plaintiff would necessarily imply the invalidity of his conviction or
> sentence; if it would, the complaint must be dismissed unless the
> plaintiff can demonstrate that the conviction or sentence has already
> been invalidated.  But if the district court determines that the
> plaintiff's action, even if successful, will not demonstrate the
> invalidity of any outstanding criminal judgment against the plaintiff,
> the action should be allowed to proceed.

*Heck*, 512 U.S. at 487.  The proscription of *Heck* applies to the prosecution of a §

1983 claim based upon the alleged invalidity of a probation revocation.  *See*

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Baskett v. Papini*, 245 Fed.Appx.

677 (2007); *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996)(per

curiam)(*citing Jackson v. Vannoy*, 49 F.3d 175 (5th Cir.), *cert. denied*, 516 U.S.

851 (1995).

A determination in this Court regarding whether any of Mr. Spaulding's

rights with regard to the revocation of his conditional release would necessarily

imply the invalidity of that conviction and there is no indication that the

revocation has been reversed, declared invalid, expunged, or called into question.

As such, Mr. Spaulding's claims are also regarding his criminal proceedings are barred by *Heck*.

These are not defects which could be cured with further amendment.

Based upon the foregoing, the Court issues the following:

## ORDER

Mr. Spaulding's Motion for Appointment of Counsel (Doc. 6) is DENIED.

Further, the Court issues the following:

## RECOMMENDATIONS

1.  This matter should be DISMISSED.

2.  The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.

4.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because the failure to file within the applicable statute of limitations constitutes a failure to state a claim

upon which relief may be granted.  *Jones v. Bock*, 549 U.S. 199 (2007); *Belanus v. Clark*, 796 F.3d 1021, 1023 (9th Cir. 2015) (a dismissal based upon statute of limitations constitutes a strike pursuant to 28 U.S.C. § 1915(g)).

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Spaulding may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 14th day of November, 2018.


_____*/s/ John Johnston*_____
John Johnston
United States Magistrate Judge

---

[1]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Spaulding is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.